UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA CARRILLO-CASTRO,<br><br>         Plaintiff(s),<br><br>     v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>         Defendant(s). | No. C10-0460 BZ<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

Plaintiff Martha Carrillo-Castro appeals from a final decision by the Commissioner of Social Security (Commissioner) denying review of the Administrative Law Judge's (ALJ) decision.[1] The ALJ found that plaintiff was not eligible for disability benefits because she was capable of performing past relevant work as a clothes marker and waitress.[2]

---

[1] The parties have consented to the Court's jurisdiction for all proceedings, including entry of final judgment under 28 U.S.C. § 636(c).

[2] Because the Appeals Council denied review, the decision of the ALJ becomes the decision of the Commissioner for purposes of review.

1

1  Administrative Record (AR.) 29.  In her motion for summary
2  judgment, plaintiff asks the Court to reverse the decision of
3  the Commissioner and order the payment of benefits.  In the
4  alternative, she asks the Court to remand for the correction
5  of legal errors.  Defendant has filed a cross-motion for
6  summary judgment.
7      Plaintiff filed an application for disability insurance
8  benefits alleging disability due to problems with her back,
9  right arm, wrists, and hands with an onset date of June 20,
10 2006.  The ALJ concluded that plaintiff retained the residual
11 functional capacity to perform light work, except that she was
12 limited to occasional reaching overhead with the right arm,
13 occasional crawling, and occasional pushing and pulling with
14 the right arm.  AR. 28.
15     Following the standard five-step process for evaluating
16 plaintiff's claim,[3] the ALJ first found that plaintiff had not
17 performed substantial gainful activity since the onset date.
18 AR. 27.  At step 2, the ALJ found that plaintiff suffered from
19 a right shoulder injury, degenerative disc disease to the
20 lumbar and cervical spine areas, right thumb tenosynotis, and
21 right elbow tenosynopathy.  Id.  At step 3, the ALJ found that
22 plaintiff's impairments did not meet or equal any impairment
23 set out in the Listing of Impairments.[4]  AR. 28.  At step 4,

---

[3]    20 C.F.R. § 404.1520

[4]    The Commissioner has acknowledged that certain impairments are so severe that they preclude substantial gainful activity.  These impairments are set out in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1.  A claimant whose impairment or combination of impairments meet or equal the "Listings" is presumptively disabled.

2

1  the ALJ found plaintiff capable of performing past relevant
2  work as a clothes marker and waitress, and therefore not
3  disabled within the meaning of the Social Security Act.  AR.
4  29.
5       The Commissioner's decision to deny benefits will be
6  disturbed only if it is not supported by substantial evidence
7  or is based on legal error.  42 U.S.C. § 405(g); <u>Batson v.
8  Comm'r of Soc. Sec. Admin.</u>, 359 F.3d 1190, 1193 (9th Cir.
9  2004); <u>Lewis v. Apfel</u>, 236 F.3d 503, 509 (9th Cir. 2001).
10 "Substantial evidence" means "more than a scintilla, but less
11 than a preponderance." <u>Bayliss v. Barnhart</u>, 427 F.3d 1211,
12 1214 n.1 (9th Cir. 2005).  "Where the evidence is susceptible
13 to more than one rational interpretation, one of which
14 supports the ALJ's decision, the ALJ's conclusion must be
15 upheld." <u>Thomas v. Barnhart</u>, 278 F.3d 947, 954 (9th Cir.
16 2002).
17 **<u>Plaintiff's Language Skills</u>**
18       Plaintiff first contends that the ALJ erred in his
19 findings at step 4 because she does not possess the necessary
20 English language and literacy skills to perform her past work
21 as generally performed.  She further argues that the ALJ had a
22 duty to make requisite factual findings, such as establishing
23 whether plaintiff was literate, to support his conclusion.
24       Plaintiff's reliance on <u>Pinto v. Massanari</u> in support of
25 her position is misplaced.  249 F.3d 840 (9th Cir. 2001).  The
26 ALJ in <u>Pinto</u> made an affirmative finding that the claimant was
27 illiterate in English.  <u>Id.</u> at 843.  The ALJ, however, did not
28 explain how this limitation related to the finding that the

claimant could not perform past relevant work.  Id. at 846-47.  While the District Court affirmed the ALJ's decision, the Ninth Circuit remanded for several reasons, including the ALJ's failure to explain how his specific finding regarding claimant's language skills factored into her disability determination.  Id. at 846-48.  The Ninth Circuit never held that the ALJ was required to consider claimant's language skills as part of step 4.[5]

In Perez v. Astrue, the Ninth Circuit was presented with an argument based on Pinto similar to what plaintiff now makes.  247 Fed.Appx. 931 (9th Cir. 2007).  The Ninth Circuit held that Pinto did not apply because the ALJ did not make an affirmative finding of illiteracy and claimant's inability to speak English was tangential to her disability claim for pain and depression.  Id. at *2.  The same is true for this matter.  Unlike Pinto and similar to Perez, the ALJ in plaintiff's case never made a specific finding regarding her literacy.  Rather, the ALJ focused on plaintiff's alleged claims for disabilities which were physical in nature.  Thus, I find that the ALJ did not commit error by not considering plaintiff's claimed inability to speak English at step 4 of the proceeding.  Plaintiff's motion for summary judgment on this ground is **DENIED**.

///

---

[5]   Pinto explained that it is "unclear whether the ALJ should have considered Pinto's language skills at all at step four, given that Pinto's difficulties with language are independent of the disability upon which she bases her claim." 249 F.3d at 847, fn. 5.  This is true for plaintiff's claim as well.

4

**Plaintiff's Physical Limitations**

The ALJ found plaintiff capable of performing light work restricted to "occasional crawling, occasional right overhead reaching, and occasional pushing pulling with the right dominate arm." AR. 28. The ALJ also found, based in part on vocational expert testimony, that plaintiff was capable of returning to past relevant jobs, even though the Dictionary of Occupational Titles (DOT) describes the occupations of clothes marker and waitress as both requiring "frequent reaching." See DOT §§ 209.587-034 and 311.477-018. It is the possible conflict between the DOT's requirement of "frequent reaching" and plaintiff's restriction to "occasional overhead reaching" that plaintiff now contests.

Social Security Regulation (SSR) 00-4p regulates how an ALJ may use occupational evidence in a disability determination. See SSR 00-4p at 2-4. Under the regulation, when a vocational expert testifies "about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between" the vocational expert's testimony and the "information provided in the [DOT]." Id.; see also Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007)(the ALJ may not rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT). If the vocational expert's testimony is not consistent with DOT, the ALJ must ask the expert if there is a reasonable explanation for the conflict. SSR 00-4p.

Here, as in Massachi, the ALJ failed to ask the

5

1 vocational expert whether his testimony conflicted with the
2 DOT and, if so, whether there was a reasonable explanation for
3 the conflict.  This is particularly troubling because there
4 may be conflict between the vocational expert's testimony that
5 the plaintiff can perform a job which the DOT describes as
6 requiring "frequent reaching."  While it may be possible that
7 the "frequent reaching" described by the DOT does not require
8 more than occasional overhead reaching, this cannot be
9 determined because the ALJ failed to ask for testimony on
10 possible conflicts.  Thus, the Court cannot determine whether
11 the ALJ properly relied on the vocational expert's testimony.
12 See Massachi, 486 F.3d at 1154; Hernandez v. Astrue, 2011 WL
13 223595 (C.D. Cal. 2011)(reversing and remanding where ALJ
14 failed to reconcile expert testimony that plaintiff could
15 perform a job that required "frequent reaching" when plaintiff
16 was "precluded from work at or above shoulder level").
17 Accordingly, a remand for further administrative proceedings
18 is appropriate.  See Massachi, 486 F.3d at 1153 (vacating in
19 part with instructions to remand where "we have an apparent
20 conflict with no basis for the vocational expert's deviation,"
21 and therefore the court "cannot determine whether the ALJ
22 properly relied on [the expert's] testimony").

23   For the foregoing reasons, plaintiff's motion for summary
24 judgement is **GRANTED IN PART** and **DENIED IN PART**; the matter is
25 **REMANDED** to the Commissioner so that the ALJ can adhere to the
26 requirements of SSR 00-4p and determine: (1) whether the DOT
27 requirements for the jobs recommended by the vocational expert
28 are consistent with plaintiff's limitations; and (2) whether

6

there is a reasonable explanation for any inconsistencies between the vocational expert's testimony and the DOT. Defendant shall submit a proposed form of judgment forthwith.

Dated: April 5, 2011

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\CARILLO-CASTRO V. ASTRUE\UPDATED ORDER-MSJ (BR VERSION).wpd